UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JPMORGAN CHASE BANK, N.A.,

    Plaintiff,

v.                                Case No:   6:17-cv-1354-Orl-40TBS

GMR INTERNATIONAL CUISINE, INC.,
GILSON'S INTERNATIONAL CUISINE,
INC., STATE OF FLORIDA,
DEPARTMENT OF REVENUE,
REGENCY VILLAGE OWNERS
ASSOCIATION, INC., ANY AND ALL
UNKNOWN PARTIES CLAIMING A
RIGHT OR INTEREST IN THE SUBJECT
PROPERTY, UNKNOWN TENANT 1 and
UNKNOWN TENANT 2,

    Defendants.

## ORDER

This case comes before the Court on the following motions:

- Plaintiff's Application for Entry of Default Against Defendant Any and All Unknown Parties Claiming A Right or Interest In the Subject Property (Doc. 32);

- Plaintiff's Application for Entry of Default Against Defendant Unknown Tenant 2 (Doc. 33);

- Plaintiff's Application for Entry of Default Against Defendant Unknown Tenant 1 (Doc. 34); and

- Plaintiff's Application for Entry of Default Against Defendant State of Florida, Department of Revenue (Doc. 35).

### Background

Plaintiff JP Morgan Chase Bank, N.A. brings this action for foreclosure and related relief (Doc. 1). The named Defendants include the State of Florida Department of Revenue ("DOR"), and

> 27. Defendant Unknown Parties [Claiming a Right or Interest in the Subject Property] may claim or have some interest in or lien or claim upon the Property by virtue of an unrecorded lease and/or their status as tenant in possession of the Property, but any such interest, lien or claim is junior, inferior and subordinate to the lien of Chase.
>
> 28. Defendant [Unknown] Tenant 1 may claim or have some interest in or lien or claim upon the Property by virtue of an unrecorded lease and/or their status as tenant in possession of the Property, but any such interest, lien or claim is junior, inferior and subordinate to the lien of Chase.
>
> 29. Defendant [Unknown]Tenant 2 may claim or have some interest in or lien or claim upon the Property by virtue of an unrecorded lease and/or their status as tenant in possession of the Property, but any such interest, lien or claim is junior, inferior and subordinate to the lien of Chase.

(Id. at ¶¶ 26-29). Now, Plaintiff seeks the entry of defaults against DOR and these three unnamed parties (Docs. 32-35).

## Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a); see Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007) (citing FED. R. CIV. P. 55(a) (The federal rules require court clerks to enter a defendant's default "[w]hen service of process is properly effected, but the served party fails to respond in a timely manner ....").

    A. <u>Service on Unknown Parties, Unknown Tenant 1, and Unknown Tenant 2</u>

Plaintiff's attempts to serve process on the unknown Defendants appear to this Court to be ineffective. The returns of service show that someone by the name of Edgar Pinto "as Accounts Payable" accepted service on behalf of each of the unknown Defendants (Docs. 14, 15, 17). Plaintiff has failed to explain (1) who Mr. Pinto is, (2) who employs him, (3) the true identities of each of these Defendants, (4) whether these

Defendants are corporations or individuals, (5) the nature of Mr. Pinto's relationship to each of these Defendants, or (6) whether (and why) service on Mr. Pinto is sufficient under law. Plaintiff's cause of action is not a suit to condemn real property through eminent domain or some other special proceeding that would permit service to be effected on "Unknown Owners." See FED. R. CIV. P. 71.1(c)(3); cf. Sabal Trail Transmission, LLC v. 1.66 Acres of Land in Lake County Florida, Case No. 5:16-cv-194-Oc-40PRL, 2017 WL 2628191, at *2 (M.D. Fla. Feb. 21, 2017). The Court has not been given any legal basis upon which to grant Plaintiff's requested relief.

B. Service on State of Florida Department of Revenue

A plaintiff can properly serve a state or local government by delivering a copy of the summons and complaint to the chief executive officer, or by any method of service permitted by state law. FED. R. CIV. P. 4(j)(2). Pursuant to Florida Statute § 48.111(3), service of process on the DOR must be made "[only] on the executive director of the department." This is done "in lieu of any other provision of general law …" FLA. STAT. 48.111(3). The Return of Service shows that the process server delivered the summons and complaint to an administrative assistant named Tanya Williams (Doc. 12). Under the Florida Statutes, service should have been made on Leon M. Biegalski,[1] the executive director of DOR. For this reason, I find that service was not properly effected on DOR.

## Conclusion

Upon consideration of the foregoing, Plaintiff's motions for the entry of Clerk's default against Unknown Parties, Unknown Tenant 1, and Unknown Tenant 2 and the DOR (Docs. 32-35) are **DENIED WITHOUT PREJUDICE.**

---

[1] http://floridarevenue.com/opengovt/Pages/leaders.aspx

**DONE** and **ORDERED** in Orlando, Florida on October 13, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Any Unrepresented Parties